■ BARRY DOYNO, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL (DHCR), Appellant, and 72ND STREET ASSOCIATES, Intervenor-Respondent. [687 NYS2d 107] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered November 12, 1997, which, in a CPLR article 78 proceeding challenging respondent DHCR's luxury deregulation of petitioner tenant's apartment for failure to timely serve an answer, annulled the deregulation of petitioner's apartment and remanded to DHCR for further proceedings, unanimously affirmed, without costs.

The tenant's affidavit attesting to timely service of his answer, his submission of a copy of the answer bearing a date coinciding with the claimed date of service, and DHCR's admitted receipt of the answer in another proceeding months before the Rent Administrator's determination and the filing of the tenant's petition for administrative reveiw in this proceeding raised a rebuttable presumption of mailing (Rent Stabilization Code [9 NYCRR] § 2527.9; *see, Engel v Lichterman*, 62 NY2d 943) that should not have been summarily rejected. DHCR's imposition of a requirement of additional "objective" proof of mailing, such as a certified mail receipt, not required by statute or its instructions to the answer form, was arbitrary and

capricious (*see, Matter of Danzig v New York State Div. of Hous. & Community Renewal*, NYLJ, Apr. 1, 1998, at 28, col 3; *Alshooler v State of N. Y. Div. of Hous. & Community Renewal*, NYLJ, Nov. 12, 1998, at 26, col 2). We have considered respondents' other arguments and find them unpersuasive. Concur—Rosenberger, J. P., Nardelli, Williams and Wallach, JJ.